E. M. GREEN AND WIFE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28983.   Promulgated March 28, 1928.

*George M. Stanton, Esq.,* for the petitioners.
*A. S. Lisenby, Esq.,* and *J. E. Marshall, Esq.,* for the respondent.

TRAMMELL: This is a proceeding for the redetermination of deficiencies in income tax for the years 1924 and 1925 in the amounts of $675.45 and $4,600.44, including a 50 per cent penalty in accordance with section 275 (b) of the Revenue Act of 1924 and the Revenue Act of 1926.

It is alleged by the petitioners that the respondent was in error in increasing the net income shown on the original returns for the years involved.

While this proceeding was not consolidated with the proceeding in the case of E. M. Green, Docket No. 28981 [*ante,* 185], it was agreed that the testimony introduced in that proceeding be considered as testimony in this case. The facts relating to the business carried on by the petitioner Green for the years involved herein are the same as those relating to the previous years which are involved in the proceeding, Docket No. 28981, and without repeating the findings of fact which we made in that proceeding, reference is made thereto. The petitioner Green testified that he had deducted on his return $1,250 representing the cost of a load of whiskey, but we are not advised whether this was disallowed by the respondent, nor do we know for which year this deduction was claimed.

The only difference between the two proceedings, in so far as it is material here, is that for the taxable years involved the petitioners

did make and file income-tax returns and employed counsel to prepare them.

The petitioner Green had no records except his bank book and deposit books to deliver to his counsel upon which to base the return, but orally advised him with respect to deductions which he claimed and other transactions.

The testimony relating thereto, however, is so indefinite and uncertain that we are unable to determine therefrom that the Commissioner's determination was erroneous.

It appears, however, that Green did not turn over to his counsel complete information with respect to his income in that he omitted to furnish him information as to deposits in the First National Bank of Cincinnati, and other facts which indicate to our mind that a part of the deficiencies due for the years involved was due to fraud and with intent to evade tax. The 50 per cent penalty provided in section 275 (b) was included in the deficiency and is approved.

*Judgment will be entered for the respondent.*